Thomas E. Dvorak (ISB #5043)
GIVENS PURSLEY LLP
601 West Bannock Street
Boise, Idaho 83702
Telephone: 208-388-1200
Facsimile: 208-388-1300
1024950_1

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JKD ENTERPRISES, LLC, an Idaho limited liability company; and ARBOR VALLEY RANCH LLC, an Idaho limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>BANK OF THE CASCADES, an Oregon corporation, successor in interest to the assets of or f/k/a Farmers & Merchants State Bank,<br><br>Defendant. | Case No.<br><br>**COMPLAINT** |

Plaintiffs JKD Enterprises, LLC, and Arbor Valley Ranch LLC, by and through their attorneys of record, Givens Pursley LLP, and for cause of action against the above-named defendant, complain and allege as follows:

**PARTIES**

1.   Plaintiff JKD Enterprises, LLC ("JKD"), is an Idaho limited liability company doing business in Idaho.

2.   Plaintiff Arbor Valley Ranch LLC ("Arbor Valley") is an Idaho limited liability company doing business in Idaho.

**COMPLAINT - 1**

3. Defendant Bank of the Cascades is an Oregon corporation, who purchased the assets of an entity known as Farmers & Merchants State Bank or was formerly known as Farmers & Merchants State Bank.

## JURISDICTION AND VENUE

4. The Court has jurisdiction of this matter on two bases, jurisdiction and previously reserved jurisdiction.

5. The Court has jurisdiction of this action pursuant to 28 U.S.C. Section 1332(a)(1), as

   a. the amount in controversy exceeds $75,000, exclusive of interest and costs (whether the claims of the Plaintiffs are aggregated separately on the basis of claims based on a common undivided interest or whether they are analyzed separately), and

   b. there is complete diversity of citizenship.

6. Venue before this Court in the District of Idaho pursuant to 28 U.S.C. Section 1391(a)(2) is appropriate, as a substantial portion of relevant events occurred in this district and the real property that gave rise to this action is located in this district.

7. Additionally, a separate and independent basis for jurisdiction exists. As referenced below within this pleading, this case involves interpretation of a Declaration of Covenants, Conditions and Grant of Easements which arose out of and was specifically called for by a Settlement Agreement that settled a previous Prior Federal Court Lawsuit in the District of Idaho, Case No. Civ. 02-0546-S-EJL (the "Prior Prior Federal Court Lawsuit") and the Court in that matter expressly reserved jurisdiction "to enforce and interpret the Settlement Agreement."

## FACTUAL BACKGROUND

8. On or about December 6, 2003, a settlement agreement (the "Settlement Agreement') was made of a lawsuit filed in the federal court for the District of Idaho, Case No. Civ. 02-0546-S-

EJL (the "Prior Federal Court Lawsuit").  The Prior Federal Court Lawsuit and Settlement Agreement resulted from the following facts:

    a.    That a dispute arose between the majority and minority owners of Cape Kantola, L.L.C. a/k/a Pioneer Land Development, LLC;

    b.    The dispute related to a difference of opinion over the management of that company;

    c.    That dispute resulted in the Prior Federal Court Lawsuit;

    d.    The parties to the Prior Federal Court Lawsuit reached a settlement in effort to avoid the time and expense of further proceedings; and

    e.    The settlement involved the buyout of the minority interest, for the transfer of certain land as well as some cash payments, and was reasonable.

9.    An Order for Dismissal and Release of Lis Pendens pursuant to said Settlement Agreement of the Prior Federal Court Lawsuit was recorded in the real property records of Valley County, Idaho, as Instrument No. 281175 on March 24, 2004 (the "Settlement Order").  A true and correct copy of the Settlement Order is attached hereto as Exhibit "A."

10.    The Settlement Order provided, in pertinent part:

> In place of said *lis pendens*, it is the intention of the Court that a recorded copy of the Court's order shall give notice that the Lawsuit has been resolved in a manner that involves (c) granting to the Lukeharts an exclusive right to use five (5) proposed boat dock slips on Lake Cascade which are contemplated to be constructed and used in conjunction with the real property identified in the *lis pendens* pursuant to certain permits that have been issued by the United States Department of the Interior, Bureau of Reclamation, and which are identified by Contract Nos. 2-07-11-L1810; 2-07-11-L1811; 2-07-11-L1812; 2-07-11-L1813 and by Tag Nos. 369, 370, 371, 372.  The notice imputed to third parties upon recording this Order shall be equivalent to a notice of land sale-purchase contract and the filing of a security agreement with the terms set forth above for the property so identified being recorded as of the date of the *lis pendens*.

11.    That *lis pendens* referred to in the Settlement Order had been recorded in the real property records of Valley County, Idaho, on February 5, 2003, as Instrument No. 269003.

**COMPLAINT - 3**

12.     As part and parcel of that Settlement Agreement, a transfer of certain land was required, and that land was transferred to Arbor Valley Ranch LLC, an entity created by the minority members Cape Kantola, L.L.C. a/k/a Pioneer Land Development, LLC.

13.     The transfer occurred by virtue of a Warranty Deed on March 4, 2004, from Cape Kantola, L.L.C., an Idaho limited liability company, also known as Pioneer Land Development, LLC, to Arbor Valley Ranch LLC and recorded in the real property records of Valley County, Idaho, as Instrument No. 283448 on May 27, 2007 (the "Arbor Valley Warranty Deed"), a true and correct copy of which is attached hereto as Exhibit "B."

14.     The property described in the Arbor Valley Deed is referred to herein as the "Original Arbor Valley Property."

15.     In connection with the Arbor Valley Warranty Deed and contemporaneously with the execution thereof, Cape Kantola, L.L.C., otherwise known as Pioneer Land Development, LLC, and Bradford Huebner, an individual (collectively "Huebner") executed a Declaration of Covenants, Conditions and Grant of Easements in favor of and with Arbor Valley Ranch LLC on March 4, 2004 (hereinafter the "Declaration").

16.     The Declaration was recorded as Instrument No. 281174 in the records of Valley County, Idaho, on March 24, 2004, and a true and correct copy of said Declaration is attached hereto as Exhibit "C."

17.     The Declaration concerned the Original Arbor Valley and certain other real property retained by Huebner as more specifically described in Exhibit "B" to the Declaration (the "Huebner Property").

18.     In addition to granting access and utility easements, the Declaration also provided, in pertinent part:

**COMPLAINT - 4**

By accepting the benefits of this Grant, Huebner, for himself and his heirs, successors and assigns, as covenants running with land forever, shall be deemed to have agreed and covenanted as follows:

. . .

b.  In the event that Huebner's Property is improved with the addition of any utilities and/or graveled, asphalted or paved roads in the future, Huebner shall be required to build out and stub off such improvements to the edge of Arbor Valley's Property at a single location in the vicinity of the junction of the proposed Forest View Road and Cape Kantola Drive as those proposed streets are presently identified in the Preliminary Plat for Cape Kantola Ranch by Droulard Land Surveying, dated May 23, 2001.  Any such Utilities that are built out to the edge of Arbor Valley's Property shall have sufficient capacity to meet the foreseeable demands of 13 lots into which it is anticipated Arbor Valley's Property will be subdivided.  This building out of roads and stubbing off of utilities shall be without expense to Arbor Valley.

c.  Arbor Valley shall have an exclusive right to use in association with the Arbor Valley property five (5) of the proposed boat dock slips that Huebner contemplates building on Lake Cascade.  "Boat dock slips" as used herein means those slips associated with the four boat docks that Huebner contemplates building pursuant to the United States Bureau of Reclamation, permits identified by contract numbers 2-07-11-L1810; 2-07-11-L-1811; 2-07-11-L1812; 2-07-11-L1813, and by tag numbers 369, 370, 371, 372.  The five slips are to be chosen by Arbor Valley after they are constructed and shall all be on one of the four boat docks built, i.e., they shall not be spread out among all four boat docks.  If Huebner does not approve of the five boat dock slips chosen by Arbor Valley, then within ten (10) days of said election by Arbor Valley, Huebner shall give written notice requiring that the dock and the five specific boat dock slips be chosen through a lottery.  The right to use the boat dock permits will be without expense to Arbor Valley or its successors in interest.  ; provided, however, that upon completion and designation of the five boat dock slips, Arbor Valley shall thereafter be responsible for maintenance thereof and payment to the BOR of their pro-rata share of any future permit fees due after December 2006.  Any charges to the Arbor Valley for maintenance of the five boat dock slips shall be at cost of the time and materials of the work done and shall not include any profit.  Huebner will cooperate with Arbor Valley in ensuring that any notices the United States Bureau of Reclamation sends regarding the proposed boat dock permits and the permits themselves are also sent to Arbor Valley.  In the event that

       the permit fees due are not paid, Arbor Valley shall be entitled to pay the full amount of the fee for the particular boat dock upon which Arbor Valley's five slips are located and to give written notice of the fact of payment to Huebner and to demand repayment of said sum within thirty (30) days by Huebner. As security for the performance of Huebner's obligations regarding the boat dock slips, a separate security agreement in the form appended hereto as Exhibit "C" shall be executed and a filing statement filed thereon with the Idaho secretary of state.

19. The Declaration also provided, in pertinent part:

       <u>Perpetual Nature of Easements and Covenants</u>. The easements and covenants granted herein and conditions imposed herein are permanent and perpetual easements and covenants and conditions that touch and concern land and shall run with the land forever and shall bind all of the parties respective heirs, successors and assigns to their respective lands.

20. A Security Agreement attached to the Declaration was executed and attached and filed with a UCC Filing Statement with the Idaho Secretary of State on April 26, 2004, a true and correct copy of which is attached hereto as Exhibit "D" ("Security Agreement").

21. Bank of the Cascades (the "Bank") acquired the rights of Famers & Merchants State Bank under that certain Mortgage recorded as Instrument No. 293566 in the real property records of Valley County, Idaho, on March 18, 2005, a true and correct copy of which is attached hereto as Exhibit "E" (the "Mortgage").

22. Some of the real property that was subject to the Mortgage included the Huebner Property.

23. On or about October 25, 2006, Arbor Valley Ranch LLC did by Warranty Deed deed unto JKD Enterprises, LLC, a portion of that Original Arbor Valley Ranch Property (the "JKD Property").

**COMPLAINT - 6**

24. The JKD Property is described in that certain Warranty Deed, a true and correct copy of which is attached hereto as Exhibit "F" which was recorded in the real property records of Valley County, Idaho, as Instrument No. 314828 on October 26, 2006.

25. On December 30, 2008, a Continuation Statement for the UCC Financing Statement previously filed was filed with the Idaho Secretary of State, a true and correct copy of which is attached hereto as Exhibit "G."

26. On February 18, 2009, the Bank did file a lawsuit to foreclose upon the Mortgage, *Bank of the Cascades fka Farmers & Merchants State Bank v. The Reserve at Lake Cascade, LLC and Henry's N. 40 LLC,* Case No. 2009-74C (Idaho State Court, 4th Jud. Dist., Valley County, Idaho)(the "State Foreclosure Action").

27. The Bank did, pursuant to a judicial foreclosure, acquire an interest in the Huebner property by means of a Sheriff's Certificate of Sale which referenced a sale pursuant to a writ of execution on December 1, 2009, a true and correct copy of which was recorded in the real property records of Ada County, Idaho, as Instrument No. 349327 on February 8, 2010, a true and correct copy of which is attached hereto as Exhibit "H."

## COUNT 1
## DECLARATORY JUDGMENT/SECURITY AGREEMENT

28. The foregoing paragraphs are hereby restated as if set forth in full and incorporated herein by this reference.

29. Plaintiffs are persons interested under a written contract who seek to have a question of construction and interpretation determined thereunder in accordance with Idaho Code Section 10-1202.

30. The entry of declaratory judgment by this Court will terminate a controversy between the parties hereto and remove an uncertainty in accordance with Idaho Code Section 10-1205.

31. Further relief based upon the declaratory judgment hereby sought is appropriate in accordance with Idaho Code Section 10-1208.

32. The Plaintiffs are entitled to a judgment decreeing and declaring as follows:

   a. That the Declaration is binding and enforceable against the current and future owners of the respective lands bound thereby and it was not foreclosed by the judicial mortgage sale pursuant to the Bank's foreclosure judgment;

   b. That the Bank is a successor in interest and assignee of the Huebner Property, that the Bank, its heirs, successors and assigns are likewise bound by all provisions of the Declaration;

   c. That JKD is the successor in interest and assignee of an interest in a portion of the Original Arbor Valley Property and as such is bound by the obligations, rights and benefits set forth in the Declaration;

   d. That the Bank and JKD should be treated as if they were original parties to the Declaration and the provisions of the Declaration and any modifications thereto shall bind them and their respective heirs, successors and assigns to the respective lands;

   e. That based upon the JKD Warranty Deed, Arbor Valley now has an exclusive right to use in association with the Arbor Valley Property four (4) of the proposed boat dock slips described in the Declaration;

   f. That JKD shall have an exclusive right to use one (1) of the proposed boat dock slips as that phrase is used in the Declaration;

   g. That the "boat dock slips" as defined in the Declaration includes any slips associated with any replacement or substitute permits associated with the Huebner Property and/or Arbor Valley Property as those phrases are defined in the Declaration;

   h. That JKD shall have a right to participate with Arbor Valley in the lottery to select the five (5) boat dock slips upon construction of said slips; and

   i. That the right to use the boat dock permits will be without expense to Arbor Valley and JKD or their successors in interest provided that upon completion of construction and designation of the five (5) boat dock slips, Arbor Valley and JKD each shall thereafter be responsible for maintenance thereof and payment to the BOR of their pro rata share of any future permit fees due after completion of the construction of the docks and selection of the five (5) slips.

**COMPLAINT - 8**

## COUNT 2
## BREACH OF CC&Rs

33. The foregoing paragraphs are hereby restated as if set forth in full and incorporated herein by this reference.

34. Plaintiffs are persons interested under a written contract who seek to have a question of construction and interpretation determined thereunder in accordance with Idaho Code Section 10-1202.

35. The entry of declaratory judgment by this Court will terminate a controversy between the parties hereto and remove an uncertainty in accordance with Idaho Code Section 10-1205.

36. Further relief based upon the declaratory judgment hereby sought is appropriate in accordance with Idaho Code Section 10-1208.

37. The Plaintiffs are entitled to a judgment decreeing and declaring that:

   a. That certain Security Agreement executed March 4, 2004 (the "Security Agreement") contained a representation that the boat dock permits would be built on or before December of 2006;

   b. The Security Agreement contained a representation that its terms would bind and benefit the successors and assignees of the parties;

   c. That the Bank as an assignee and/or successor of Huebner is bound by the obligations of said Security Agreement to perform the same;

## COUNT 3
## BREACH OF AGREEMENT

38. The foregoing paragraphs are hereby restated as if set forth in full and incorporated herein by this reference.

39. Huebner and his successors and assigns were obligated to build the boat docks on or before December of 2006.

**COMPLAINT - 9**

40. Huebner and/or his successors and assigns failed to construct said boat docks pursuant to the permits by said date.

41. Said failure was a breach of the terms of the Security Agreement.

42. Plaintiffs are entitled to an order of specific performance compelling that said terms of said agreement be performed by the Bank as an assignee of Huebner's interest.

43. Plaintiffs do not have an adequate remedy at law and are otherwise entitled to specific performance to secure the enjoyment of the benefits promised for their real property.

44. In the alternative, and in the event that specific performance cannot be granted, Plaintiffs are entitled to prove their damages in an amount to be proven at trial.

45. In the alternative to a damages remedy or as a means of collecting said damages to be proven at trial, Plaintiffs are entitled to an order allowing them to foreclose and realize upon the rights to the boat docks described in the Security Agreement.

## ATTORNEYS' FEES AND COSTS

46. Plaintiffs are entitled to attorneys' fees pursuant to the agreements referenced above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that the Court enter the following relief:

1. For judgment in favor of Plaintiffs and against Defendants on all counts of the Complaint;

2. For the relief sought in each specific Count;

3. For an award of costs and attorneys' fees in the amount of $1,500 in the event of a judgment by default or in such other and further amount as this Court may deem appropriate at the proper time in these proceedings; and

4.	For such other and further relief as this Court may deem appropriate in the premises.

DATED this 30th day of November, 2010.

                                      GIVENS PURSLEY LLP

                                      /s/ Thomas E. Dvorak
                                      Thomas E. Dvorak
                                      Attorneys for Plaintiffs

**COMPLAINT - 11**